Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8230 | **DATE** | 1/4/2012 |
| **CASE TITLE** | Patrick Purtell (#2011-0405112) vs. Macias, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's motion for leave to proceed in forma pauperis [3] is denied and the instant action is hereby dismissed. Since the instant action is dismissed, Plaintiff's motion for appointment of counsel [4] is denied as moot. All pending dates and motions, if any, are stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

This matter is before the court on Plaintiff Patrick Purtell's (Purtell) motion for leave to proceed *in forma pauperis* and motion for appointment of counsel. On his *in forma pauperis* application form, Purtell indicates that in the past twelve months, he has not received more than $200.00 from any source. (IFP Par. 3). However, a review of Purtell's prison trust account statement reveals that in the past six months, $685.00 has been deposited into Purtell's prison trust account. In the first instance, Purtell has provided inaccurate information to the court as to his income, and therefore, the court denies his motion for leave to proceed *in forma pauperis* and dismisses the instant action. *See Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547-48 (7th Cir. 1998)(finding that a "district court did not abuse its discretion in dismissing the complaint with prejudice for filing an application to proceed *in forma pauperis* with intentional misrepresentations as to [plaintiff's] true financial status"). In addition, the court notes that even if Purtell had indicated receipt of the income reflected on his prison trust account statement, Purtell is incarcerated and thus is provided with the necessities of life. *See Lumbert v. Illinois Dept. of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)(stating that the plaintiff inmate was "not being asked to give up any necessities of life; they in any event [were] being bought for him by the State of Illinois"). Therefore, Purtell has not shown himself to be sufficiently

| STATEMENT |
|---|
| indigent, and the court would also deny Purtell's motion for leave to proceed *in forma pauperis* on that basis.<br><br>Since the instant action is dismissed, Purtell's motion for appointment of counsel is denied as moot. |